IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DUANE DRAPER, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | NO. 4:05-CV-094-A |
| § | |
| KK FORD, L.P., ET AL., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendants KK Ford, L.P. and Karl Klement Enterprises-Nevada, Inc., (collectively "KK defendants") for summary judgment. Having considered the motion, the summary judgment record, and applicable authorities, the court concludes that the motion should be granted.[1]

I.

Plaintiff's Complaint

Plaintiff filed his original petition (the "complaint") in state court on January 27, 2005, and it remains his active pleading. This action was removed to federal court on February 10, 2005. In his complaint, plaintiff asserts claims for violations of: the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2617; the Americans with Disabilities Act ("ADA"), 42

---

[1] Plaintiff did not timely file a response.

U.S.C. §§ 12101, et seq.;[2] and the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1166.[3]

## II.

## Grounds of the Motion

The KK defendants contend that plaintiff's claims should be dismissed on the grounds that the undisputed evidence shows that:

1.  Plaintiff's claims are barred by limitations since plaintiff failed to file suit within ninety days of the receipt of his right to sue letter;

2.  Defendants did not violate the FMLA because plaintiff received more leave than is required;

3.  Defendants did not violate the ADA because plaintiff is not a "qualified individual" under the ADA; and there was no reasonable accommodation available;

4.  Defendants did not violate ERISA or COBRA; and

5.  Plaintiff's claims are barred by res judicata.

## III.

## Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a

---

[2] In Count II of his complaint, plaintiff also cites to "Title I of the Civil Rights Act of 1991, 42 U.S. § 1981a, and Title VII of the Civil Rights Act." However, the only allegations of discrimination in plaintiff complaint to relate alleged discrimination based on disability. Therefore, the court does not construe plaintiff's complaint asserting any claims under the Civil Rights Act. If the court were to construe his complaint as raising such claims, they would be dismissed for failure to state a claim upon which relief can be granted. See Small Engine Shop, Inc. v. Cascio, 878 F.2d 883, 887 (5th Cir. 1989) (noting that a district court may dismiss a complaint, sua sponte, for failure to state a claim).

[3] Section 1166 was added as part of the Consolidated Omnibus Budget Reconciliation Act ("COBRA").

2

matter of law.  Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986).  The moving party has the initial burden of showing that there is no genuine issue of material fact.  <u>Anderson</u>, 477 U.S. at 256.  The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-25 (1986).  Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts.  <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial.  <u>Anderson</u>, 477 U.S. at 248, 256.  To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]."  <u>Forsyth v. Barr</u>, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action.  <u>Anderson</u>, 477 U.S. at 248.  Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment.  <u>Simmons v. Lyons</u>, 746 F.2d 265, 269 (5th Cir. 1984).

The standard for granting a summary judgment is the same as the standard for judgment as a matter of law. Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597. See also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

IV.

Analysis

A.   ADA Claims

The KK defendants first contend that all of plaintiff's claims are barred by limitations. However, their arguments and authorities relate only to plaintiff's ADA claims. See Brief Supp. Mot. at 1-4.

An employee must comply with the ADA's administrative prerequisites prior to commencing an action against his employer for violation of the ADA. Dao v. Auchan Hypermarket, 96 F.3d 787, 789 (5th Cir. 1996). The ADA incorporates by reference the procedures applicable to actions under Title VII. Id.; see 42 U.S.C. § 12117(a). One such requirement is that a civil action must be commenced "within ninety days" after the charging party has received a "right-to-sue" letter from the EEOC. Dao, 96 F.3d at 789 (citing 42 U.S.C. § 2000e-5(f)(1)).

4

In this case, the undisputed evidence shows that plaintiff brought the instant suit well beyond the ninety-day limitations period.  Even if the limitations period were tolled during the pendency of an earlier suit brought by plaintiff against Karl Klement Enterprises, Inc., the instant suit is still untimely.  Therefore, the court concludes that summary judgment should be granted as to plaintiff's ADA claims against the KK defendants.

2.   <u>FMLA Claims</u>

Under the FMLA, employees generally are entitled to twelve weeks of leave for certain health-related or family-related reasons, 29 U.S.C. § 2612, and to reinstatement at the conclusion of such leave, 29 U.S.C. § 2614.  <u>See also</u> <u>Ragsdale v. Worldwide, Inc.</u>, 535 U.S. 81, 84 (2002) (holding that an employee is only entitled to twelve weeks of FMLA leave per year, regardless of whether the leave is designated as such).  However, reinstatement is not required if, at the conclusion of the leave period, the employee is unable to perform an essential function of his position.  <u>Hatchett v. Philander Smith College</u>, 251 F.3d 670, 677 (8th Cir. 2001); 29 C.F.R. § 825.214(b).

In this case, the undisputed evidence indicates that plaintiff received at least twelve weeks of leave and that he was unable to perform the essential duties of his job at the close of the required leave period.  Therefore, summary judgment is appropriate as to plaintiff's FMLA claims.

3.   <u>Section 1166 Claims</u>

5

In Count III, plaintiff claims that the KK defendants failed to provide him with notice, after he was terminated, of his right to elect continued coverage under his group health plan. See 29 U.S.C. § 1166.  However, where an employer is not a plan administrator, the employer's responsibility under § 1166 is limited to timely notifying the administrator of a qualifying event.  See 29 U.S.C. § 1166(a)(2)-(3).  In the case of termination, an employer must provide such notice to the administrator within thirty days.  29 U.S.C. § 1166(a)(2).

In this case, the undisputed evidence indicates that TEAM America, Inc. was the plan administrator and that notice was provided to TEAM America, Inc. within the thirty-day time limit of § 1166(a)(2).[4]  Therefore, summary judgment should be granted as to plaintiff's claims under § 1166.

Nothing the court says in this memorandum opinion and order is to be taken as any indication of how the court would have ruled on the KK defendants' other contentions.

---

[4] Plaintiff alleges that he was terminated effective March 31, 2003, Compl. at 7-8, but the evidence submitted by the KK defendants indicates he was terminated April 11, 2003.  In any case, the undisputed evidence indicates that TEAM America, Inc. was notified of his termination on April 12, 2003, within thirty days of either termination date.

V.

ORDER

For the reasons discussed,

The court ORDERS that all claims and causes of action asserted by plaintiff against the KK defendants in this action be, and are hereby, dismissed with prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of said claims.

SIGNED August  15 , 2005.

                                           /s/ John McBryde
                                         JOHN McBRYDE
                                         United States District Judge